C. C. WHITNACK PRODUCE COMPANY, APPELLEE, v. CHICAGO & NORTHWESTERN RAILWAY COMPANY, APPELLANT.

FILED MAY 15, 1920. No. 20643.

1. Carriers: INJURY TO GOODS: PRESUMPTION. When suit is brought against a terminal carrier, there being one or more intermediate carriers, to recover for goods delivered by it in a damaged condition, upon proof that the goods were in good condition when they came into possession of the initial carrier, the presumption is that they were in good condition when delivered to the terminal carrier. To overcome this presumption the burden is upon defendant to prove that the goods were in a damaged condition when they came into its possession.

2. ——: ——: LIABILITY. "The common-law liability of a carrier as an insurer was not changed with respect to a loss occurring on its own line by the provision of the Carmack amendment of June 29, 1906 (34 St. at Large, p. 584, ch. 3591), to the act of February 4, 1887 (24 St. at Large, p. 379, ch. 104, sec. 20, ·Comp. St. 1913, sec. 8592), making the initial carrier of an interstate shipment liable for any loss, damage, or injury 'caused by it' or by any other carrier to which the shipment may be delivered." *Cincinnati, N. O. & T. P. R. Co. v Rankin,* 241 U. S. 319, 36 Sup. Ct. Rep. 555.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed.*

*Wymer Dressler, C. H. Gorman* and *Paul S. Topping,* for appellant.

*Burkett, Wilson & Brown, contra.*

DEAN, J.

This suit is based, as alleged, on defendant's common-law liability in the sum of $739.88 for damage said to have been sustained by the freezing of a part of each of three cars of apples while in possession of defend- ant as a common carrier. Two cars were interstate shipments from points in New York to Lincoln, and one car was an intrastate shipment from Omaha to Lincoln. It is alleged that the damage occurred as a direct re- sult of the carelessness, negligence, and wrongful con- duct of defendant. From a verdict and judgment there- on for $452, defendant appealed.

Of the two interstate shipments defendant was the terminal carrier, the cars having been transported by three or more intermediate carriers before being de- livered to it.

It is argued on the part of defendant that its liability, if any, as to the interstate shipments arises under and is subject to the provisions of the Carmack amendment of June 29, 1906 (34 St. at Large, p. 584, ch. 3591), and that in the event of loss, under the facts herein, the amendment in question supersedes the common-law pre- sumption that, if goods are received in good condition by the initial carrier and are damaged in transit, the loss occurred while they were in possession of the ter- minal carrier.

Under the authorities in like cases it seems that the burden is on plaintiff to show that the goods were in good condition when delivered to the initial carrier, and that they were in damaged condition upon arrival at destination; and that the burden is on the terminal car- rier defendant to show that the injury did not result from any cause for which it was responsible. 10 C. J. 556, sec. 924. In section 925, at page 558, the text an-

nounces a rule that seems to be reasonable. It is there said:

"Two reasons have been assigned for the rule. One reason is that the presumption is necessary to preserve the shipper's rights, since the carrier, and not he, has control of the goods and is in a much better position to prove their condition at the time it received them than is the owner. Another reason is that it is within the power of the carrier to protect itself from responsibility for loss or injury occurring prior to its reception of the property by an inspection of its condition at the transfer point; and that it will be presumed *prima facie* that if the shipment had not been in good order the carrier would have refused to receive it otherwise than as in bad order."

The weight of authority in this class of cases, and the better rule, appears to be that when suit is brought against a terminal carrier, there being one or more intermediate carriers, to recover for goods delivered by it in a damaged condition, upon proof that the goods were in good condition when they came into possession of the initial carrier, the presumption is that they were in good condition when delivered to the next or terminal carrier. To overcome this presumption the burden is upon defendant to prove that the goods were in a damaged condition when they came into its possession. *Philadelphia, B. & W. R. Co. v. Diffendal,* 109 Md. 494.

In *Cincinnati, N. O. & T. P. R. Co. v. Rankin,* 241 U. S. 319, 36 Sup. Ct. Rep. 555, 60 L. ed. 1022, L. R. A. 1917A, 265, the court declared: "The common law liability of a carrier as an insurer was not changed with respect to a loss occurring on its own line by the provision of the Carmack amendment of June 29, 1906 (34 St. at Large, p. 584, ch. 3591), to the act of February 4, 1887 (24 St. at Large, p. 379, ch. 104, sec. 20, Comp. St. 1913, sec. 8592), making the initial carrier of an interstate shipment liable for any loss, damage, or injury

'caused by it' or by any other carrier to which the shipment may be delivered.''

On the question of damages generally, as to all of the shipments, we conclude that the verdict is amply supported by the evidence. There are other assignments by defendant of alleged error respecting certain instructions given and instructions refused, and also as to the admissibility of testimony. An examination of the assignments convinces us that defendant's substantial rights were not affected in the respects noted, and that reversible error does not appear.

The judgment is

AFFIRMED.

DAY and FLANSBURG, JJ., not sitting.